RENEGAR v. THOMPSON.

PRACTICE. *Principal. Surety. Release of.* If a creditor take a mortgage from the principal debtor on sufficient property to secure his debt, and afterwards enter into a different agreement with such debtor and abandon the mortgage, such acts will discharge the surety, who may make the defense in a court of law and will not be compelled to resort to bill in equity.

FROM BEDFORD.

Appeal in error from the Circuit Court of Bedford county. W. H. WILLIAMSON, J.

IVIE for Renegar.

DAVIDSON for Thompson.

TURNEY, J., delivered the opinion of the court.

On the 18th of April, 1873, James Mathias, with James Tatum and Jacob Renegar as his sureties, executed his note to Thompson for three hundred dollars, due the 25th of December thereafter.

On the 25th November, 1875, suit was brought.

The defense of the security Renegar was—1. That he had given to Thompson verbal notice to collect the note, etc. 2. That Thompson had taken a mortgage from Mathias on a saw-mill, of the value of two thousand or twenty-five hundred dollars, to secure said debt, and afterwards abandoned the mortgage and

made another and different arrangement with the principal Mathias, without the knowledge or consent of Renegar.

These facts were proven on the trial.

The verbal notice to sue, was not a defense at law, as the statute requires such notice to be given in writing and proven by two witnesses.

The Circuit Judge ruled that the taking of the mortgage and its abandonment for "another and different arrangement," as the plaintiff was shown to have admitted, was no defense to the action. This was error. The rule is, a creditor must, in all transactions with the principal debtor, act with the most perfect good faith toward sureties, for if he does any act injurious to them or inconsistent with their rights, or omit to do any act which his duty to them requires, whereby they are injured, they will be discharged from responsibility. 5 Hum., 492; *Bond* v. *Ray et als.*

We know of no case in our State in which this question has arisen at law. In the case of *King* v. *Balder,* 17 Johnson Ch., Judge Spencer said:

"The principle adopted by this court in *Rathbone* v. *Warren,* that a surety will be discharged if a new agreement be entered into between the creditor and the principal debtor varying or enlarging the time of performance of a contract, although amply supported by cases decided in the English courts, is of modern growth even in a court of equity. And it is well settled now that this defense may be set up in equity. I do not, then, perceive any solid objection to a court

Renegar v. Thompson.

of law taking cognizance of the matters forming the grounds of the appellant's relief because in such cases courts of equity have also jurisdiction. Much less do I perceive the necessity of applying to a court of equity to compel a creditor to do what equity and good conscience required of him."

If this duty exists and does bind the conscience of the creditor, I cannot conceive why it may not be brought into exercise by an act *in pais* and without the intervention of a court of equity. This reasoning applies in all its force to the case in hand.

If the acts and conduct of the creditor are of a sort to discharge a surety, we know of no substantial reason why the surety may not avail of them by proper pleas to an action at law. Why may he not defend in the forum selected by the creditor, rather than be compelled to resort to the injunctive powers of a court of equity, and then make a successful defense upon precisely the same facts that would be elicited under proper pleadings at law? If such was ever the rule, it was highly technical and without the support of reason, and should give way to the constant progress of improvement in our system of jurisprudence.

The matters of defense offered here are plain and simple facts without the least complication, of easy comprehension by a jury, and present no reasonable ground for exclusive equity jurisdiction, unless it be a pure technicality.

The facts claimed to effect the discharge of the surety are as easy and intelligible as would be those

under pleas of payment, set-off, accord and satisfaction, arbitrament and award, or any of the other pleas commonly pleaded in a court of law, and we can conceive of no reason for distinguishing between the case at bar and the cases instanced.

The abandonment of the mortgage in consideration of another arrangement with the principal debtor, was bad faith to the security, whereby he was injured.

Reverse the judgment.


Since writing this opinion, two cases have been found in Tennessee in which a similar holding was had: *Gillespie* v. *Darwin*, 6 Heis., 21; *Lindsay* v. *Champion*, 1 Baxter, 466.

TURNEY, J.